# Exhibit 12

```
                                                            Page 1
 1

 2            UNITED STATES DISTRICT COURT

 3        FOR THE WESTERN DISTRICT OF VIRGINIA

 4                 HARRISBURG DIVISION

 5
    REMY HOLDINGS INTERNATIONAL, LLC,)
 6                                    )
                    Plaintiff,        )
 7                                    )
          -versus-                    ) Civil Action
 8                                    ) No. 5:19-cv-00021
    FISHER AUTO PARTS, INC.,          )
 9                                    )
                    Defendant.        )
10  ----------------------------------

11

12

13   VIDEO-RECORDED DEPOSITION OF JOSEPH PARZICK

14              Via Videoconference

15           Friday, December 11, 2020

16

17

18

19

20

21

22

23

24  Reported Remotely by:
    MARIANNE WITKOWSKI-SMITH
25  JOB NO. 185673
```

Page 2

December 11, 2020
9:04 a.m.

VIDEO-RECORDED DEPOSITION of JOSEPH PARZICK, reported remotely by Marianne Witkowski-Smith, a Shorthand Reporter and Notary Public of the State of New York.

Page 3

REMOTE APPEARANCES:

SANDS ANDERSON
Attorneys for Plaintiff
   1111 East Main Street
   Richmond, Virginia 23219
BY:  MATTHEW GREEN, ESQ.

McGUIREWOODS
Attorneys for Defendant
   800 East Canal Street
   Richmond, Virginia 23219
BY:  LYLE KOSSIS, ESQ.

ALSO PRESENT:
   WILLIAM THOMAS - Legal Videographer
   JEFF WAWRZYNIAK, ESQ. - Brake Parts Inc.

Page 4
J. Parzick

VIDEO TECHNICIAN: Good morning, Counselors. My name is William Thomas. I am a certified legal videographer in association with TSG Reporting.

Due to the severity of the COVID-19 outbreak and following the practice of social distancing, I will not be in the same room with the witness. Instead, I will record this videotaped deposition remotely.

The reporter, Marianne Smith, also will not be in the same room and will swear the witness remotely.

Do all parties stipulate to the validity of this video-recording and remote swearing and that it will be admissible in the courtroom as if it had been taken following Rule 30 of the Federal Rules of Civil Procedures and the State's rules where this case is pending?

MR. GREEN: On behalf of the plaintiff, yes.

MR. KOSSIS: And on behalf of the defendant, yes.

Page 5
J. Parzick

VIDEO TECHNICIAN: Thank you very much. So this is the start of media labeled No. 1 of the video-recorded deposition of Joseph Parzick, taken in the matter Remy Holdings International LLC vs Fisher Auto Parts Inc. This is in the U.S. District Court, Western District of Virginia, Harrisonburg Division, Case No. 5:19-cv-00021.

The time is 9:06 Mountain Time on December 11, 2020. My name is William Thomas, I'm the videographer, and Marianne Smith is the court reporter.

Counsel, would you now please identify yourselves.

MR. GREEN: Matt Green. I represent the plaintiff, Remy Holdings International LLC.

MR. KOSSIS: My name is Lyle Kossis and I represent the defendant, Fisher Auto Parts Incorporated.

VIDEO TECHNICIAN: And will the court reporter now please swear in the witness.

Page 174
J. Parzick
```
 1              J. Parzick
 2      the same market conditions, and if
 3      this doesn't occur in Fisher's
 4      opinion, then Fisher can change
 5      suppliers and end this contract
 6      with as little as sixty days of
 7      advance notice.  In such case,
 8      Fisher shall not owe Remy any
 9      additional moneys - parentheses -
10      except for payment for products
11      ordered prior to the date of
12      termination in the pro-rata
13      amounts listed below - end quote.
14          Did you see that, Mr. Parzick?
15      A.  I do, I see it.
16      Q.  And before this deposition, had you
17  read that particular language before?
18      A.  I don't believe that I have, no.
19      Q.  Okay.  Do you recognize that as a
20  termination provision?
21          MR. GREEN:  Object to form --
22      A.  I -- I would say it's --
23          MR. GREEN:  -- calls for --
24          (Simultaneous speaking.)
25          MR. GREEN:  Go ahead.
```

Page 175
```
 1              J. Parzick
 2      A.  I -- I would say it's a form of a
 3  termination provision.
 4      Q.  Okay.  And do you see that in that
 5  provision it does not give Remy a right to
 6  cure any performance issues?
 7          MR. GREEN:  Object to form, states
 8      a legal conclusion.
 9          Go ahead.
10      A.  In -- in this particular paragraph,
11  since we're isolated on that and I've not had
12  an opportunity to read the rest of the
13  document nor whether there are any other
14  documents that are part and parcel to this, I
15  would say your statement is accurate.
16      Q.  Okay.  And -- and just to be clear
17  so you said my statement was accurate?
18          MR. GREEN:  Same objections.
19      A.  With -- with the provisos that I
20  gave you, which is I haven't read the entire
21  document and I don't know whether there are
22  any other documents that pertain to this, but
23  on -- on the surface of what this says in
24  this particular point, there is no mention of
25  a remedy, correct.
```

Page 176
```
 1              J. Parzick
 2      Q.  Okay.  From Remy's perspective,
 3  would someone like Dave Nichols be in the
 4  best position to testify as to what this
 5  contract meant?
 6          MR. GREEN:  Object to form and
 7      beyond the scope of this deposition.
 8          If you know --
 9      A.  So --
10          (Simultaneous speaking.)
11      A.  -- so I -- I cannot recall whether
12  or not Dave Nichols was employed by Remy at
13  the time this was negotiated.
14          And as I mentioned, I would very
15  much like to know who signed it on behalf of
16  Remy, because I would have two questions as
17  it relates to that.  What was the --
18      Q.  Okay.
19      A.  -- what -- who -- who was the
20  person that signed it and what was their
21  authority to do so.
22      Q.  And -- and --
23      A.  We're very specific about who can
24  sign contracts.
25      Q.  No, and I appreciate that.  And
```

Page 177
```
 1              J. Parzick
 2  I'll represent to you that in his
 3  depositions, Mr. Nichols, Dave Nichols, said
 4  that he negotiated and signed this agreement.
 5      A.  Okay.  Then -- then I would say he
 6  is best positioned to answer that question.
 7      Q.  Okay.  Just one moment.
 8          Sorry, I had to locate a document.
 9      A.  I just want to add one other thing
10  I know you don't love it when I do this and I
11  try -- I'll try to keep this to a minimum.
12          But there's always a difference in
13  life and in conduct on what you write on a
14  page in a contract and the way you conduct
15  yourself.  And as I mentioned earlier, this
16  is a business that although it's tough and
17  people are tough and firm, that they speak to
18  one another, they have dialogues and they
19  coach each other to get the performance that
20  they want.
21          So when customers are having
22  problems or believe that we're not doing
23  something as a vendor properly, there's
24  usually discussion, there's usually some sort
25  of representations around how things will
```