IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| REMY HOLDINGS INTERNATIONAL, LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:19-cv-00021 |
| v. | ) ) ) | By: Elizabeth K. Dillon |
| FISHER AUTO PARTS, INC., | ) ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Fisher Auto Parts moves for leave to file a second motion for summary judgment. (Dkt. No. 222.) The deadline for dispositive motions was June 10, 2021. (Dkt. No. 131.) Both parties filed summary judgment motions, along with several other motions, pursuant to that deadline. Trial in this matter is scheduled to begin on February 28, 2022.

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party." *Nguyen v. Jones*, No. 1:19-cv-00337-MR, 2020 WL 7264465, at *2 (W.D.N.C. Dec. 10, 2020). "The primary consideration is the diligence of the moving party." *Id.* With respect to successive motions for summary judgment, courts consider other factors, including whether the proposed motion would streamline issues for trial and promote judicial efficiency. *See, e.g.*, *Toney ex rel. Toney v. Ability Ins. Co.*, C.A. No. 3:10-cv-2311-CMC, 2011 WL 4403295, at *1 (D.S.C. Sept. 21, 2011) (finding that "judicial economy favors consideration of the second motion for summary judgment because it may (and in fact does) resolve all issues for trial"); *United States v. Cohan*,

No. 3:11-CV-412 (CSH), 2012 WL 4758142, at *2 (D. Conn. Oct. 5, 2012) ("[W]ith respect specifically to motions for leave to file an untimely summary judgment motion, courts factor in judicial efficiency.").

Fisher argues that it should be allowed to file a second motion for summary judgment because Remy advanced a new legal theory in its motion for summary judgment. Remy switched from a one-for-one core return claim under the Automotive Parts Services Group (APSG) term sheet to an inventory-purchase claim rooted in the parties' direct contracts. This new legal theory triggers two of Fisher's defenses to Remy's breach of contract and unjust enrichment claims: first-material-breach and the corresponding express-contract defense. The Letters of Understanding between the parties obligated Remy to keep Fisher competitive, and the court has already granted Fisher's motion for partial summary judgment as to Remy's wrongful termination claim on that basis.

Fisher argues that it acted with diligence because Remy's new theory was not "crystallized" until Remy's counsel articulated that theory during the August 3, 2021 hearing on the motions for summary judgment. Remy argues that there has been no change in legal theories. The foundation of the core right of return program is still found in the APSG or group contract. Yet, while Remy maintains that it is pursuing legal theories within the allegations in its amended complaint, Remy does not dispute that it is now relying on specific language in the Letters of Understanding (LOUs). Therefore, the court agrees that Fisher acted with diligence in requesting leave to file a second motion for summary judgment.

The court also notes that Remy will not be prejudiced by the new motion for summary judgment. Remy will have the opportunity to respond and contest Fisher's motion. Remy complains about this burden, but the ordinary incidents of litigation are not considered

2

prejudicial in this context. *See, e.g.*, *Wagner v. Mastiffs*, Nos. 2:08-cv-431, 09-cv-172, 2009 WL 2579431, at *3 (S.D. Ohio Aug. 17, 2009) (being required to draft "multiple motions or responses" does not count as "an allegation of prejudice so severe as to justify denial of the motion for leave").

Finally, even if the court had not found good cause, the court is justified in allowing the second summary judgment motion in the interests of judicial efficiency and economy. If successful, Fisher's motion would eliminate two of Remy's three remaining claims, leaving only Remy's claim for conversion. (*See* Second Am. Compl., Dkt. No. 47.) The court welcomes the opportunity to potentially narrow the issues that would otherwise need to be resolved at trial. "To allow a jury trial to proceed on the merits of Plaintiff's claims if one is not warranted would squander valuable judicial resources, a circumstance against which this Court must guard." *Israfil v. Woods*, Case No. 1:09-cv-468, 2015 WL 13621043, at *3 (S.D. Ohio May 8, 2015).

Therefore, based on the foregoing, it is HEREBY ORDERED that Fisher's motion for leave to file a second motion for partial summary judgment (Dkt. No. 222) is GRANTED. Fisher's second motion for partial summary judgment (Dkt. No. 222-1) and memorandum in support (Dkt. No. 222-2) shall be deemed FILED as of the date of this order. It is FURTHER ORDERED that Remy has seven days to respond from the date of this order, and Fisher has seven days to reply to Remy's response.

The Clerk of Court is directed to provide a copy of this memorandum opinion and order to all counsel of record.

Entered: January 21, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge