IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| REMY HOLDINGS INTERNATIONAL, LLC | ) ) ) | |
|     Plaintiff/Counterclaim-defendant, | ) ) | Civil Action No. 5:19-cv-00021 |
| v. | ) ) | |
| | ) | By: Elizabeth K. Dillon |
| FISHER AUTO PARTS, INC., | ) ) |     United States District Judge |
|     Defendant/Counterclaim-plaintiff. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter went to trial on Remy Holdings International, LLC's (Remy) claim against Fisher Auto Parts, Inc. (Fisher) for conversion, and on Fisher's counterclaim against Remy for breach of contract. The jury returned a verdict in favor of Fisher on Remy's conversion claim and a verdict in favor of Fisher on its breach of contract claim against Remy. (Dkt. No. 330.) The jury awarded Fisher $1,816,277 on the breach of contract claim. (Dkt. No. 330.) After trial, the parties met and conferred on the proper form of judgment but could not reach an agreement. The court requested further briefing from the parties, which has been received (Dkt. Nos. 338, 339), and held a hearing on March 24, 2022 (Dkt. No. 340). Remy has also requested leave, pursuant to Local Rule 10, to contact the jurors prior to the end of their term of service. (Dkt. No. 332.)

Remy contends that the court should apply a set-off from the jury award in the amount of $405,161.81. Remy cites an internal Fisher document, Plaintiff's Exhibit 54, which Remy contends shows that Fisher owes this amount to Remy in relation to core payments for four acquisitions, two of which were for Hoffman and KOI. Remy proffered a jury instruction

directing the jury to reduce any damages awarded to Fisher by $405,161.81. (Dkt. No. 338-1, Plaintiff's Instruction 24.) Following consultation with the court on jury instructions, the parties agreed that the issue of a set-off, if necessary, would be decided by the court, and not by the jury, after the verdict. Notably, Fisher never admitted that it owed Remy $405,161.81, and the jury found that Remy did not prove its conversion claim against Fisher.

Additionally, in its closing argument, Fisher's counsel endeavored to take the issue of a set-off "off the table" by asking the jury to reduce any award to Fisher to account for the order fill penalties Fisher had already received from Remy and to account for amounts due Remy as part of Fisher's acquisition of Hoffman and KOI (claims mentioned in the complaint by Remy) as follows:

```
          $2,297,474 (counterclaim damages proven by the evidence)
        -  $196,001 (order fill penalties already received by Fisher)
        -  $285,196 (Hoffman and KOI amounts re acquisitions)
        -----------------------
          $1,816,277 (total amount requested by Fisher)
```

This bottom-line total amount is the exact amount awarded to Fisher by the jury.

Remy argues that Fisher's argument was improper given the parties' agreement that the court would apply the set-off. The court does not agree. The agreement was for the court to apply any set-off only if it was necessary. The court finds nothing untoward or underhanded about Fisher's strategy in framing its case to the jury in this manner during its closing argument. Moreover, Remy waived this argument when it did not object to Fisher's argument during closing or raise the issue with the court before the case was submitted to the jury. In any event, what Remy now asks for is an improper double recovery. The jury has already applied the appropriate set-off by implicitly, if not explicitly, accepting Fisher's version of the evidence and awarding Fisher the exact amount that Fisher requested at trial. There is no factual basis to

award an additional set-off that encompasses the paid order-fill penalties or the Hoffman and KOI acquisitions when the jury obviously reduced the award to account for those matters.[1]

For these reasons, the court will enter judgment, with no set-off, in the amount established by the jury— $1,816,277 in favor of Fisher.

Remy also moves, pursuant to Local Rule 10, to communicate with the jurors that presided over the trial of this matter before the end of their term of service. (Dkt. No. 332.) Local Rule 10 provides:

> No attorney or party litigant shall personally, or through any investigator or any other person acting for the attorney or party litigant, interview, examine or question any juror or alternate juror during the juror's term of service as a potential juror with respect to the verdict or deliberations of the jury in any action, civil or criminal, except by leave of Court upon good cause shown and upon such conditions as the Court in the particular case may fix.

Because the jurors' term has concluded, this motion will be dismissed as moot.

Based on the foregoing, it is **HEREBY ORDERED that Remy's motion for leave of Local Rule 10 (Dkt. No. 332) is DISMISSED AS MOOT,** and the court finds that no set-off is necessary or appropriate and will issue an appropriate judgment order.

Entered: May 10, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] The other two acquisitions reflected in Remy's requested set-off, Buffalo and Gipe, were mentioned during the presentation of evidence, but they were never identified by Remy as part of any complaint and the jury obviously did not consider those matters to be relevant in reaching its verdict.